# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TOTAL LANDSCAPING CARE, LLC, | : |
| Plaintiff, | : |
| v. | : CIVIL ACTION |
| | : |
| | : NO. 10-6542 |
| TOWER CLEANING SYSTEMS, INC., | : |
| d/b/a US MAINTENANCE OR USM | : |
| Defendant. | : |

## MEMORANDUM

Tucker, J.                                                           February ___, 2012

      Presently before the Court are Plaintiff's Motion for Judgment on the Pleadings (Doc. 10), Defendant's Response and Cross Motion for Judgment on the Pleadings and/or Summary Judgment (Doc. 11), and Plaintiff's Response (Doc. 13). Upon consideration of the parties' motions with exhibits and declarations, the Court will: (1) deny Plaintiff's Motion for Judgment on the Pleadings in part, and (2) grant Defendant's Cross Motion for Judgment on the Pleadings and/or Summary Judgment.

**I.**                          **BACKGROUND**

      This case arises out of an alleged unlawful arbitration finding. Plaintiff, Total Landscaping, LLC ("Total Landscaping"), a Connecticut limited liability company, brings this action against Defendant, Tower Cleaning Systems, Inc., doing business as US Maintenance or USM ("Tower Cleaning", or "USM"), a Pennsylvania corporation.

On November 12, 2006, Plaintiff Total Landscaping entered into a Subcontractor Agreement with Defendant USM.  Under the Subcontractor Agreement, Total Landscaping, the subcontractor, was to provide snow and ice removal services at locations designated by USM.  As the general contractor, USM entered into agreements with its retail store customers, including but not limited to Home Depot, for the provision of snow and ice removal services.

In an underlying lawsuit filed in the Superior Court of Connecticut, both USM and Home Depot were named defendants in an action brought by Karen Salva, a patron who claims she was injured on January 1, 2008 in a slip-and-fall incident caused by ice at a Home Depot location in Darby, Connecticut (the "Salva lawsuit").  This Home Depot location, at the time of the slip-and-fall incident, was being serviced for snow and ice removal by Total Landscaping under its Subcontractor Agreement with USM.  Under its customer contract with Home Depot, USM agreed to indemnify Home Depot and assumed Home Depot's defense costs in the Salva lawsuit.  Subsequently, USM tendered defense of itself and Home Depot to Total Landscaping, which Total Landscaping declined to accept under the Subcontractor Agreement.  To date, the Salva lawsuit is pending in the Superior Court of Connecticut, and is scheduled to proceed to trial in a few weeks from the date of the present opinion.

As a result of Total Landscaping's refusal to indemnify and accept tender of defense for USM and Home Depot in the Salva lawsuit, on or about May 17, 2010, USM submitted a demand for arbitration to the AAA, seeking defense and indemnification costs from Total Landscaping for USM and Home Depot in connection with the Salva lawsuit.  Total Landscaping objected to the demand for arbitration via letter to the AAA, Tower Cleaning submitted a response dated September 17, 2010, and Total Landscaping submitted an Answering Statement to the AAA

thereafter.  Despite the written objections of Total Landscaping, the arbitration proceeded and USM and Total Landscaping submitted Arbitration Briefs and exhibits, along with a Reply and Sur-Reply.

On October 18, 2010, upon conclusion of the arbitration process, arbitrator Walter R. Milbourne issued an award (the "Award") which is the subject of the present matter.  In the Award, Mr. Milbourne entered judgment in favor of USM, and granted declaratory relief to both USM and Home Depot.  The Award order set forth that Total Landscaping: (1)  "shall immediately assume the defense of ; and (2) "shall reimburse USM all costs consisting of attorneys fees and AAA fees incurred in bringing this action with the [AAA].  The Administrative fees of the [AAA] totaling $975.00, and the compensation of the arbitrator totaling $900.00 shall be borne Respondent (sic.).  Therefore, [Total Landscaping] shall reimburse [USM] the sum of $1,425.00, representing that portion of said fees in excess of the apportioned costs previously incurred by [USM]."

On November 15, 2010, Plaintiff Total Landscaping initiated the present action against Defendant USM, claiming that the Award was improperly issued.  Accordingly, Plaintiff Total Landscaping seeks that the Court vacate the Award, and enjoin Defendant USM from further attempting to pursue its claims through the AAA.  (Compl. ¶ 12.)

## II.   STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(c), a party may move for judgment on the pleadings after the pleadings are closed, as long as the party does so "early enough not to delay trial."Fed. R. Civ. P. 12(c).  A motion for judgment on the pleadings is subject to the same standard of review applicable to a motion to dismiss under Rule 12(b)(6).  See Turbe v. Gov't of

V.I., 938 F.2d 427, 428 (3d Cir. 1991). "The only notable difference between these two standards is that the court in a motion on the pleadings reviews not only the complaint but also the answer and written instruments attached to the pleadings." Sprague v. Neil, 2007 U.S. Dist. LEXIS 77767, 2007 WL 3085604, at *2 (M.D. Pa. Oct. 19, 2007) (citing 2 Moore's Fed. Practice Civil § 12.38 (2004)). Like a motion to dismiss, in considering a motion for judgment on the pleadings, the Court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, viewing them in the light most favorable to the plaintiff. See Taliaferro v. Darby Twp. Zoning Bd., 458 F.3d 181, 188 (3d Cir. 2005); Allah v. Al-Hafeez, 226 F.3d 247, 249 (3d Cir. 2000).

A motion for judgment on the pleadings should be granted only if it appears to a certainty that no relief could be granted under any set of facts that could be proved. See id. It must be shown that there remains no material issue of fact to be resolved and that he is entitled to judgment as a matter of law." Rosenau v. Unifund Corp., 539 F.3d 218, 221 (3d Cir. 2008); Sikirica v. Nationwide Ins. Co., 416 F.3d 214, 220 (3d Cir. 2005). The Court, under Federal Rule of Civil Procedure 56, may convert the 12(c) motions in the present matter to motions for summary judgment. Fed R. Civ P. 56. Thus, the motions presently before the Court will be evaluated under the standard set forth below.

Summary judgment is appropriate where the moving party establishes that "there is no genuine issue as to any material fact and that [it] is entitled to a judgment as a matter of law." Fed R. Civ P. 56(c). See Levy v. Sterling Holding Co., LLC, 544 F.3d 493, 501 (3d Cir. 2008). A factual dispute between the parties will not defeat a motion for summary judgment unless it is both genuine and material. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48, 106 S.Ct.

2505, 91 L.Ed.2d 202 (1986); Dee v. Borough of Dunmore, 549 F.3d 225, 229 (3d Cir. 2008).  A factual dispute is genuine if a reasonable jury could return a verdict for the non-movant, and it is material if, under the substantive law, it would affect the outcome of the suit.  See Anderson, 477 U.S. at 248; Fakete v. Aetna, Inc., 308 F.3d 335, 337 (3d Cir. 2002).

The moving party must show that if the evidentiary material of record were reduced to admissible evidence in court, it would be insufficient to permit the non-moving party to carry its burden of proof.  See Celotex v. Catrett, 477 U.S. 317, 327, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).  Once the moving party has carried its burden under Rule 56, "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts."  Scott v. Harris, 550 U.S. 372, 380, 127 S.Ct. 1769, 167 L.Ed.2d 686 (2007).  Under Fed. R. Civ. P. 56(e), the opposing party must set forth specific facts showing a genuine issue for trial and may not rest upon the mere allegations or denials of its pleadings.  See Martin v. Godwin, 499 F.3d 290, 295 (3d Cir. 2007).

At the summary judgment stage the court's function is not to weigh the evidence and determine the truth of the matter, but rather to determine whether there is a genuine issue for trial. See Anderson, 477 U.S. at 249; Jiminez v. All American Rathskeller, Inc., 503 F.3d 247, 253 (3d Cir. 2007).  In doing so, the court must construe the facts and inferences in the light most favorable to the non-moving party.  See Horsehead Indus., Inc. v. Paramount Communications, Inc., 258 F.3d 132 (3d Cir. 2001).  The court must award summary judgment on all claims unless the non-moving party shows through affidavits or admissible evidence that an issue of material fact remains.  See, e.g., Love v. Rancocas Hosp., 270 F.Supp.2d 576, 579 (D.N.J. 2003); Koch Materials Co. v. Shore Slurry Seal, Inc., 205 F.Supp.2d 324, 330 (D.N.J. 2002).

**III.    DISCUSSION**

The facts of this case are undisputed. Accordingly, pursuant to Federal Rule of Civil Procedure 56, the Court must determine whether either party is entitled to judgment as a matter of law based on the record.

The Award will be examined pursuant to controlling law, the Federal Arbitration Act ("FAA"), 9 U.S.C. § 10, which grants federal courts the authority to vacate arbitration awards under the following limited circumstances:

> (1) where the award was procured by corruption, fraud, or undue means;
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made."

9 U.S.C. § 10(a).

Because federal policy favors the enforcement of arbitration agreements, the party attempting to prove that an arbitrator has exceeded his authority is faced with a great burden to overcome, and must prove that vacatur is appropriate. AAMCO Transmissions, Inc. v. Sally, 2008 U.S. Dist. LEXIS 102502, 2008 WL 5272449, at *3 (E.D. Pa. Dec. 17, 2008) (citation omitted); Ogden Allied Services Corp. v. Local 36, Service Employees Int'l Union, 1990 U.S. Dist. LEXIS 15976, at *14 (E.D. Pa. Nov. 27, 1990) (citations omitted).

The Third Circuit recognizes that claims brought under 9 U.S.C. § 10(a)(4), claiming that an arbitrator exceeding his powers, shall be subjected to a test of whether the arbitrator's award was irrational.[1] Additionally, the Court may consider, pursuant to 9 U.S.C. §§ 10(a)(3) and 10(a)(4), whether an arbitration award constitutes a "manifest disregard of law", justifying vacatur by the Court.[2] The court's review of arbitration awards pursuant to the FAA should give great deference to the award, as there is a strong presumption favoring their enforcement. Metromedia Energy, Inc. v. Enserch Energy Servs., 409 F.3d 574, 578 (3d Cir. 2005); Brentwood Med. Assocs. v. UMW, 396 F.3d 237, 241 (3d Cir. 2005). Thus, the allegations of Plaintiff Total Landscaping concerning the arbitrator's award will be examined according these narrow allowances for vacatur under 9 U.S.C. § 10.

Total Landscaping requests that the Court vacate the Award entered against it on the following bases: (1) the arbitrator lacks the authority, because it is not a court of law, to enter

---

[1] See Franko v. Ameriprise Fin. Servs., 2009 U.S. Dist. Lexis 48907,at *9 (E.D. Pa. 2009); Southco, Inc. v. Reell Precision Mfg. Corp., 556 F. Supp. 2d 505, 511 (E.D. Pa. 2008); Sherrock Bros. v. Daimler Chrysler Motors Co., LLC, 260 F. App'x. 497 501 (3d Cir. 1993) (stating that "[w]hen determining whether an arbitrator exceeded his authority, this Court examines the form of relief awarded and the terms of that relief. We must be able to derive rationally the form the award either from the parties' agreement or from their submissions to the arbitrators, and the terms of the award must not be completely irrational." (Citations omitted)).

[2] In Hall Street Associates, L.L.C. v. Mattel, Inc., 552 U.S. 576 (2008), the United States Supreme Court found that 9 U.S.C. § 10 of the FAA provides the exclusive grounds for vacatur of an arbitration decision. Id. at 1404-06. In Hall Street, the Supreme Court recognized a circuit split, and commented that several Circuit Courts, including the Third Circuit, concluded that "manifest disregard of the law was a further ground for vacatur on top of those listed in § 10." Id. at 1403. The Supreme Court in Hall Street declined to opine on the validity of the common law construct of "manifest disregard of the law" as a separate grounds for vacatur. The Supreme Court, however, in its dicta, stated that to the extent that the "manifest disregard of the law" standard continued to be used, it should be construed as shorthand for the exclusive parameters of 9 U.S.C. § 10 of the FAA. Id. at 1404.

To date, the Third Circuit has yet to opine on the impact of Hall Street on this Circuit's adherence to the manifest disregard standard. For the reasons discussed herien, the Court finds that under this Circuit's undisturbed manifest disregard standard, Plaintiff Total Landscape's arguments fail to fulfill its burden to prove that this standard has been violated by the arbitrator's award.

judgment against a party; (2) generally, in order for contractual indemnification claims to be ripe, and for declaratory judgment to be appropriate, there must be a final resolution in the underlying litigation; (3) the arbitration award was lacking in contractual basis, as certain terms in the indemnification provision of the Subcontractor Agreement were ambiguous, and the pending claim did not fall within the scope of the indemnification provision; (4) the arbitration award violated the rules of the American Arbitration Association ("AAA"), which specify that arbitrators may grant relief only on matters within the scope of the parties' agreement; (5) the declaratory relief issued by the arbitrator violated the Pennsylvania Declaratory Judgments Act, 42 Pa. Cons. Stat. Ann. § 7540, as the arbitrator lacked subject matter jurisdiction due to the absence of indispensable and necessary parties during the arbitration proceedings; and (6) USM failed to prove the reasonableness and necessity of fees and costs incurred in the underlying litigation, and the Award renders Total Landscaping responsible for fees and costs without consideration of their reasonableness, necessity, or amount. (Compl. ¶¶ 1-8, 11-12.)

A.   Subcontractor Agreement

Many of the allegations of Plaintiff Total Landscaping are centered around the contention that the arbitrator exceeded his authority in entering the Award, which requires Plaintiff to pay defense costs incurred by Defendant USM for both its own defense and that of Home Depot's.[3]

---

[3] The arbitration award issued against Plaintiff Total Landscaping award specifically states, in relevant part, the following:

    The Arbitrator hereby ENTERS JUDGMENT in favor of Plaintiff [USM] and against Defendant [Total Landscaping] declaring the following:

        1.  Reimbursement of Defense Costs/Indemnification

        Total Landscaping Care, LLC shall immediately assume the defense of USM and Home Depot in [the] Salva litigation and reimburse USM all costs of defense, including attorneys fees, incurred to date and, further, shall indemnify USM

Plaintiff submits that the contractual interpretation of the indemnification and waiver provisions of the Subcontractor Agreement between Total Landscaping and USM may only be read one way, and that reading would preclude the arbitrator from requiring Plaintiff to pay for defense costs and attorneys fees that were on behalf of a third party (Home Depot) with whom Plaintiff was not in privity, and that were not yet ripe due to lack of finality in the underlying litigation between Home Depot and Salva. The Court disagrees for the reasons set forth below.

The Subcontractor Agreement, entered into by Total Landscaping to provide snow and ice removal services to customers of USM, contains the following relevant provisions:

> Indemnification. To the fullest extent permitted by applicable law, *you shall defend and hold harmless us and our customer* and our and our customer's respective officers, directors, employees, agents, subcontractors, partners, joint ventures, affiliates, successors and assigns ("Indemnified Parties") from and against all liabilities, obligation, claims, demands, causes of action, losses, expenses, damages, fines, judgments, settlements, and penalties, including, without limitation, costs, expenses and attorneys' fees incident thereto, arising out of, based upon, occasioned by or in connection with:
>
>> (1) Your performance of (or failure to perform) your duties under this Agreement;

---

for any amounts paid or to be paid on its and/or Home Depot's behalf via settlement/verdict of the underlying Salva claim; and

2. Costs of Arbitration
Total Landscaping Care, LLC shall reimburse USM all costs consisting of attorneys fees and AAA fees, incurred in bringing this action with the American Arbitration Association.

The administrative fees of the American Arbitration Association totaling $975.00, and the compensation of the arbitrator totaling $900.00 shall be borne by Respondent. Therefore, Respondent shall reimburse Claimant the sum of $1,425.00, representing that portion of said fees in excess of the apportioned costs previously incurred by Claimant.

This Award is in full settlement of all claims and counterclaims submitted to this Arbitration. All claims not expressly granted herein are hereby, denied.

> (2) a violation of any law or any negligence, gross negligence, or willful misconduct by you or your affiliates, subcontractors, agents or employees during either your performance [of] your duties under this Agreement or otherwise while you are on the property of one of out customers;
> (3) *Damage to property and injuries, including without limitation death, to all persons, arising from any occurrence caused by any act or omission of you or your personnel related to the performance of this Agreement. ....*

The indemnification obligation specified in this paragraph shall be construed so as to extend to all legal, defense and investigation costs, as well as other costs, expenses, and liabilities incurred by the Indemnified Parties, including but not limited to interest, penalties, and fees of attorneys and accountants (including expenses), *from and after the time when any Indemnified Party receives notification (whether verbal or written) that a claim or demand has been made or is to be or may be made.*

Pursuant to the indemnification obligation specified above, you agree to indemnify and hold harmless the Indemnified Parties regardless of whether the liability, obligation, claim, demand, cause of action, loss, expense, damage, fine, judgment, settlement and penalty was caused in whole or in part by a violation of any law or any negligence (excluding gross negligence or willful misconduct), including but not limited to business invitee premises liability, by the Indemnified Parties.

. . . .

<u>Arbitration: Waiver of Jury Trial and Punitive Damages: Governing Law and Jurisdiction</u>:
A. <u>Arbitration</u>.  All disputes
. . . .
C. <u>Waivers</u>. ... *No arbitration or action under this Agreement shall include, by consolidation, joinder, or any other manner, any claims by any person or entity in privity with or claiming through or on behalf [of] either you or us.  Neither you nor we shall arbitrate or litigate as a representative on or behalf of any other person or entity, any dispute, controversy, or claim of any kind arising out of or relating to this Agreement, your or our respective rights and*

> *obligations, or any other claims or causes of action relating to your*
> *or our performance under this Agreement.*

Subcontractor Agreement, Nov. 12, 2006. <u>Emphasis added</u>.

Plaintiff Total Landscaping submits the following assertions in support of its argument that the arbitration award exceeded the limits of the arbitrator's authority: (1) Total Landscaping had no arbitration agreement with Home Depot, and thus it was improper for the arbitrator to allow USM to arbitrate claims against Total Landscaping on behalf of this absent third party; (2) legal precedent prescribes that claims for indemnification become ripe only upon the finality of underlying claims, and not while such claims remain pending; (3) the award of attorneys fees and costs to USM for pursuit of its indemnification claim against Total Landscaping was not contemplated by the arbitration agreement provision of the Subcontractor Agreement; (4) legal precedent establishes that the indemnification language of the Subcontractor Agreement did not cover USM's separate contractual obligation to indemnify its customer, Home Depot; and (5) under common law, indemnitors are obliged to cover only those defense and settlement costs proven reasonable.

First, Plaintiff Total Landscaping's assertions that the arbitrator exceeded his power in awarding judgment benefitting a third party are meritless. There exists rational support for these portions of the Award. This Court, in determining whether an arbitrator exceeded authority under

9 U.S.C. §10, must review both the form and terms of the awarded remedy, to consider if such remedy may be rationally derived from the agreement in question or the parties' submissions to the arbitrator. Sherrock Bros. v. Daimler Chrysler Motors Co., LLC, 260 F. App'x. 497 501 (3d Cir. 1993).

Indeed, there existed no privity between Plaintiff and Home Depot. It is not, however, unreasonable to read the language of the indemnification and waiver provisions of the Subcontractor Agreement between Plaintiff and Defendant USM, and conclude that Plaintiff can and should be responsible for the defense costs for Home Depot, as assumed by Defendant USM. More specifically, the waiver provision of the Subcontractor Agreement prohibits either party from arbitrating on behalf of another party, or bringing forth a claim on behalf of another party. The language of the waiver provision does not prohibit Tower Cleaning from submitting a demand for arbitration to the AAA, as allowable under the Subcontractor Agreement, for its total costs of defense in the Salva litigation, including its assumed defense costs of Home Depot.

Under these set of facts, Home Depot has no direct claim for indemnification against USM, and thus the waiver provision did not prohibit USM's claim for indemnification. Additionally, the form of remedy set forth in the award is further supported by the indemnification provision of the Subcontractor Agreement, which triggers Plaintiff's indemnification obligation

"from and after the time when any Indemnified Party receives notification (whether verbal or written) that a claim or demand has been made or is to be or may be made." Thus, the Court rejects Plaintiff's contention that "claims for indemnification [do] not accrue until the underlying claim has been paid by settlement or verdict, [and] cannot as a matter of law be pursued while the underlying claim is still pending."[4]

Pennsylvania law pronounces that the court shall decide upon the interpretation of indemnity contracts, as a question of law. Invensys Inc. v. Am. Mfg. Corp., 2005 U.S. Dist. LEXIS 3961, at *12 (citing Jacobs Constructors, Inc. v. NPS Energy Services, Inc., 264 F.3d 365, 371 (3d Cir. 2001). Generally, indemnity clauses are to be construed against the party seeking

---

[4] The cases cited by Plaintiff which support the proposition that indemnification claims may only be adjudicated upon the finality of the underlying lawsuit are distinguishable from the case at hand. Here, the Subcontractor Agreement, unlike the agreements at issue in the cases cited by Plaintiff, includes specific language showing that parties expressly intended that Plaintiff Total Landscaping would be required to indemnify USM and its customers from the time that the indemnified party (USM or its customer) received either verbal or written notice of a claim. This language is very different from the traditional, general indemnification provisions at issue in the case law cited by Plaintiff, none of which expressed an intention for the indemnifying party to assume costs of indemnification before the underlying claim is final. See McClure v. Deerland Corp., 585 A.2d 19 (Pa.Super. 1991) (finding against specific performance of indemnification obligation where the contract at issue contained a general indemnification clause silent on the issue on when the indemnification obligation would be triggered); Kelly v. Thackray Crane Rental, 874 A.2d 649 (Pa.Super. 2005) (concluding that a claim for indemnification was not yet ripe where the underlying claims were still pending, where specific language of indemnification provision at issue was not provided); F.J. Schindler Equipment Co. v. Raymond Co., 418 A.2d 533 (Pa.Super. 1980) (affirming lower court's finding that indemnification claim was premature where underlying suit was not yet final, without mention of the specific language of the indemnification clause at issue); Martinique Shoes, Inc. v. New York Progressive Wood Heel Co., 217 A.2d 781 (Pa.Super. 1966) (finding that indemnitor insurance company was not obliged to indemnify the indemnitee where liability was unestablished in the underlying suit, where relevant indemnification language was not stated); Invensys, Inc. v. American Mfg. Co., 2005 U.S. Dist. LEXIS 3961 (E.D.Pa. 2005)(granting motion to dismiss against Plaintiff corporation seeking to enforce indemnification language of Asset Purchase Agreement against manufacturing company indemnitor, where indemnification provision in question included general language and was silent on when conditions triggering indemnitor's obligation).

indemnification, "because the nature and purpose of any indemnity agreement involves the shifting and voluntary assumption of legal obligations." In interpreting indemnity agreements, courts should examine the parties' intentions by reviewing the language of the indemnity provision at issue. Id. (Citations omitted). In the present matter, Plaintiff and Defendants expressly contracted to have Plaintiff's indemnification obligations conditioned upon the mere receipt of notification of a claim or demand by the indemnified parties. If the parties intended a different result, more general or differing indemnification language would have been used, showing an intention of the parties to have Plaintiff's indemnification obligation triggered solely by settlement or final judgment on the merits in the underlying claim. The indemnification clause at issue contains no such language.

Accordingly, the form and term of the arbitrator's award, ordering Plaintiff to "assume the defense of USM and Home Depot in [the] Salva litigation and reimburse USM all costs of defense, including attorneys fees, incurred to date and, [to] indemnify USM for any amounts paid or to be paid on its and/or Home Depot's behalf via settlement/verdict of the underlying Salva claim" was appropriate, and rationally supported by the Subcontractor Agreement between the parties. For the same reasons as stated above, the Court also finds that the Award did not show manifest disregard of the law.

Moreover, because neither Home Depot nor Salva have direct claims against USM under the Subcontractor Agreement, they were not required parties for the arbitrator proceedings, contrary to Plaintiff's assertion. This provides rational support for the arbitrator allowing the arbitration proceedings to proceed without Home Depot and Salva as parties.

Additionally, the Court declines to accept Plaintiff's contention that the award for attorneys fees was in appropriate. It is well established that arbitrators possess wide latitude to issue flexible remedies, including those outside of those contemplated under the agreement in question. <u>Ogden Allied Services Corp. v. Local 36, Service Employees Int'l Union</u>, 1990 U.S. Dist. LEXIS 15976, at *16 (E.D. Pa. Nov. 27, 1990) (citations omitted). Thus, the portion of the Award requiring Plaintiff to cover USM's arbitration costs was rational and appropriate given the latter's expenses to bring the arbitration claim, and the absences of a clause to the contrary in the Subcontractor Agreement.

In this case, Plaintiff Total Landscaping has failed to overcome its burden of providing sufficient evidence to prove that the arbitrator's award should be vacated under the narrow allowances of 9 U.S.C. §10. Accordingly, Plaintiff's motion for judgment on the pleadings, or judgment as a matter of law, also fail.

**B.**     Plaintiff's Additional Claims

Additionally, Plaintiff Total Landscaping challenges the legality of the arbitrator's decision under the Pennsylvania Declaratory Judgments Act, 42 Pa. Cons. Stat. Ann. § 7540, and questions whether an arbitrator has the authority to enter declaratory judgment.

The Court, under the authority granted to it pursuant to 9 U.S.C. § 9,[5] hereby upholds the arbitrator's award as a proper and appropriate judgment that is hereby deemed as entered by this Court, based on the rationale discussed above.  Thus, the Plaintiff's challenges concerning the

---

[5] The  Federal Arbitration Act, 9 U.S.C. § 9, reads as follows:

If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title [9 USCS §§ 10, 11]. If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made. Notice of the application shall be served upon the adverse party, and thereupon the court shall have jurisdiction of such party as though he had appeared generally in the proceeding. If the adverse party is a resident of the district within which the award was made, such service shall be made upon the adverse party or his attorney as prescribed by law for service of notice of motion in an action in the same court. If the adverse party shall be a nonresident, then the notice of the application shall be served by the marshal of any district within which the adverse party may be found in like manner as other process of the court.

The parties, in the Subcontractor Agreement, agreed to jurisdiction by this Court, pursuant to the following Governing Law and Jurisdiction provision:

THE LAWS OF THE STATE OF PENNSYLVANIA SHALL GOVERN THE VALIDITY, PERFORMANCE, INTERPRETATION, AND EFFECT OF THIS AGREEMENT.  IF AN ARBITRATOR DOES NOT HAVE JURISDICTION, A CLAIM CAN NOT BE ARBITRATED AS A MATTER OF LAW, OR IF THERE IS AN APPEAL FROM OR RELATING TO AN ARBITRATION, THEN THE PARTIES AGREE TO THE JURISDICTION AND VENUE OF THE COURTS IN MONTGOMERY COUNTY, PENNSYLVANIA OR THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA IN PHILADELPHIA.

legality of the arbitrator's decision under the Pennsylvania Declaratory Judgments Act, and the arbitrator's authority to enter declaratory judgment are moot.

Lastly, Plaintiff alleges that the arbitrator's award ran afoul of the Rules of the AAA, as the award went beyond the scope of the Subcontractor Agreement. For the reasons discussed above, the Court rejects this argument, and finds that the Award was rational, and within the bounds of a reasonable interpretation of the Subcontractor Agreement.

## IV.   CONCLUSION

For the foregoing reasons, this Court finds that as a matter of law, upon consideration of evidence presented by the Plaintiff, that the arbitration award in this matter must be confirmed.[6] Accordingly, Plaintiff Total Landscaping's motion for judgment on the pleadings is denied, and Defendant USM's motion for summary judgment is granted. An appropriate order follows.

**BY THE COURT:**

**/s/ Petrese B. Tucker**

_____

**Hon. Petrese B. Tucker, U.S.D.J.**

---

[6] If there arises a question of reasonableness of the amounts required of Plaintiff to cover indemnification costs under the Award, the parties shall, pursuant to the Arbitration clause of the Subcontractor Agreement, submit their dispute to the AAA, and Defendant USM shall provide evidence of its defense costs for itself and Home Depot in the Salva litigation for review by the arbitrator under Pennsylvania law.